CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR 17 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH V. AWE, | ) | Civil Action No. 7:13-cv-00487 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **RED ONION STATE PRISON, et al.,** | ) | By:   Hon. Jackson L. Kiser |
|     Defendants. | ) |        Senior United States District Judge |

Kenneth V. Awe, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants: the Red Onion State Prison ("ROSP"), Warden R. Mathena, Assistant Warden Walrath, Unit Manager Kilbourne[1], Lieutenant Fannin, Lieutenant Payne, Sergeant Hill, Sergeant Stewart, Oscar the K-9 dog, and K-9 Officer L. Oakes[2]. Plaintiff complains about being bitten by Oscar, not receiving a grievance form, and not viewing a video recording. Defendants filed a motion to dismiss, and Plaintiff responded, making the matter ripe for disposition. After reviewing the record, I grant Defendants' motion to dismiss and dismiss the Complaint.

I.

Plaintiff alleges the following facts and conclusions in the verified Complaint. On August 23, 2013, Defendants prevented Plaintiff from depositing out-going legal mail in the mailbox outside the ROSP dining hall.[3] When Plaintiff questioned Defendants, they ordered that Plaintiff be handcuffed and escorted back to his cell. While walking back, Oscar the K-9 dog "was allowed to use excessive force without justification" while Plaintiff was not violent or combative in any way. All of the defendants were supervising Oscar, laughed after Oscar bit

---

[1] Plaintiff erroneously spelled the name as "Killbourn" on the Complaint.
[2] L. Oaks is substituted for defendant "John Doe – Dog Handler."
[3] Plaintiff does not name individual defendants relevant to the claim of excessive force but identifies them collectively as "defendants."

Plaintiff without justification, and stated how Plaintiff "won't never [sic] want to push paper (legal litigation) at ROSP now!" Plaintiff concludes that all defendants "used excessive force causing physical/emotional injury, constituting cruel and unusual punishment under the Eighth Amendment . . . where defendants all supervised . . . th[e] excessive use of force that caused painful K-9 puncture wounds and scaring [sic] for life. . . ."

Warden Mathena, Assistant Warden Walrath, Unit Manager Kilbourne, and Sgt. Hill subsequently "denied Plaintiff [an] informal complaint form to prevent "access [to] the courts" about the dog bite. These same defendants also allegedly prevented Plaintiff from viewing a video recording of the dog bite so he could defend himself at a prison disciplinary hearing. Plaintiff requests damages, an injunction, a declaration, and costs as relief.

## II.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which are accepted as true, to "state a claim to relief that is plausible on its face" and "above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[4] Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

---

[4] Although a court reviewing a complaint under Rule 12(b)(6) must accept factual allegations as true, statements that consist of labels or conclusions are not entitled to an assumption of truth. Twombly, 550 U.S. at 555. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274,

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Neither Oscar the K-9 dog nor ROSP is a "person" subject to § 1983, and claims against them must be dismissed.[5] See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Liberally construing the pro se Complaint, Plaintiff alleges that all the human Defendants were present and supervising the K-9 dog when it bit Plaintiff. Notably, Plaintiff does not allege that any Defendant ordered the dog to bite; the only allegation is based on res ipsa loquitur, namely that the K-9 dog bit Plaintiff in Defendants' presence.[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Plaintiff does not adequately allege any human defendant's use of excessive force. Instead, Plaintiff alleges only a "sheer possibility" that they are liable for Oscar's bite since they were present and supervising Oscar when Oscar bit Plaintiff. Even if the Defendants laughed

---

1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

[5] Furthermore, Plaintiff cannot recover damages against any defendant in an official capacity. See, e.g., Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995).

[6] Plaintiff specifically describes this claim as the use of excessive force in violation of the Eighth Amendment. Thus, I consider the K-9 dog to be a correctional officer's tool, much like OC spray or handcuffs, rather than as a general condition of confinement or an officer capable of acting with malice. See, e.g., Whitley v. Albers, 475 U.S. 312, 320 (1986) (recognizing the deliberate indifference standard used for claims involving prison conditions is not proper for claims alleging excessive force); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996) (recognizing the use of excessive force in violation of the Eighth Amendment depends, in part, on a sufficiently culpable state of mind). Even if the deliberate indifference standard applied to the presence of Oscar the K-9 dog at ROSP, Plaintiff fails to describe how Oscar's presence constitutes an unreasonable risk of serious injury and how Defendants were deliberately indifferent to that risk beyond his mere conclusion. See, e.g., Farmer v. Brennan, 511 U.S. 825, 835 (1994) (describing the applicable standard).

3

after Oscar bit him, Plaintiff fails to describe any Defendant's intent to use the K-9 dog as a means of force, let alone with a malicious and sadistic intent.[7] See, e.g., Wilkins v. Gaddy, 559 U.S. 34, 38 (2010); Whitley v. Albers, 475 U.S. 312, 320 (1986). Liberal construction of a pro se pleading does not mean a court should invent facts to remedy an inadequately pleaded claim. "[P]laintiff remains the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim." Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998). Because Plaintiff has failed to do, the excessive force claim must be dismissed.

I also find that Plaintiff fails to state a claim upon which relief may be granted about access to a video recording during a disciplinary hearing and to an informal complaint form. "[I]nmates do not have a constitutionally protected right to a grievance procedure." Brown v. Va. Dep't of Corr., No. 6:07-cv-00033, 2009 U.S. Dist. LEXIS 3022, at *48-49 (W.D. Va. Jan 9, 2009) (Moon, J.) (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)). Nonetheless, Plaintiff's inability to receive an informal complaint form does not hinder access to courts. See, e.g., Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). Also, Plaintiff does not describe a deprivation of a liberty interest to trigger due process protections during a prison disciplinary hearing. See, e.g., Wilkinson v. Austin, 545 U.S. 209 (2005); Sandin v. Conner, 515 U.S. 472 (1995). Even if he had, due process does not require disclosure of a prison's video recordings. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974). Accordingly, Plaintiff fails to state an actionable claim about access to a video recording and an informal complaint form.

---

[7] The allegations of laughter and verbal harassment dos not state independent Eighth Amendment claims. See, e.g., Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979).

4

**III.**

For the foregoing reasons, I update Defendants' names and grant Defendants' motion to dismiss. I deny as moot Plaintiff's requests for discovery because they do not relate to the disposition of the motion to dismiss.

**ENTER**: This 7th day of March, 2014.

Senior United States District Judge